UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN TRACEY MOORE,

                Plaintiff,

-against-

HENRY McMASTER, ET AL.,

                Defendants.

25-CV-0591 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se* and *in forma pauperis*. Since filing the complaint in this action on January 17, 2025, Plaintiff has filed numerous motions, including two motions for declaratory relief (ECF 4, 9); a motion for a preliminary injunction (ECF 7); a "Motion for a Trial by Jury and Trial by Teleconference" (ECF 8); and a motion for a temporary restraining order (ECF 11).[1] Many of those motions include requests for preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."

---

[1] Plaintiff has also filed non-substantive motions, including a motion for the court to request *pro bono* counsel (ECF 12) and a motion to participate in electronic case filing (ECF 3). Those motions are not the subject of this order; the Court will address them in due course.

*Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Court has reviewed Plaintiff's submissions and has determined those submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Among Plaintiff's allegations are that she and her siblings have been implanted with "transceivers, metal antenna, and fiber optic cable in [their] eyes" and have been "social engineered to stay within the vicinity of the hospital in which [they] were originally retrofitted as part of the new current day logical backbone of the internet." (ECF 11, at 3.) An example of the relief she seeks is a declaratory judgment against Donald Trump because his "conspiracy to have [Plaintiff] horsewhipped for his wife Melania Trump's honor is a direct threat to national security." (*Id.* at 5.) Plaintiff's submissions do not suggest that she has a viable claim or that she is entitled to the preliminary injunctive relief that she seeks.

Accordingly, Plaintiff's requests for preliminary injunctive relief are denied. The Court will address the claims in Plaintiff's complaint in due course. The Court will not address any further motions for preliminary relief that Plaintiff files. Should Plaintiff file additional motions, the Court will direct the Clerk of Court to terminate the motions.

## CONCLUSION

The Court denies Plaintiff's requests for preliminary injunctive relief.

The Court directs the Clerk of Court to terminate the motions pending under ECF Nos. 4, 7, 8, 9, 11.

The Court will not address any further motions for preliminary relief that Plaintiff files. Should Plaintiff file additional motions, the Court will direct the Clerk of Court to terminate the motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 4, 2025
         New York, New York

                                                   /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                Chief United States District Judge