UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN TRACEY MOORE,

                Plaintiff,

-against-

HENRY McMASTER; CURTIS LOFTIS; FEDERAL JUDGE NAME UNKNOWN; DONALD S. TRUMP; MELANIA TRUMP; BERKELEY COUNTY POLICE DEPARTMENT; CHARLESTON POLICE DEPARTMENT; NORTH CHARLESTON POLICE DEPARTMENT; CHARLESTON COUNTY POLICE DEPARTMENT; THE REPUBLICAN PARTY; SLAVE OWNERS; FENDER MENDER COLLISION,

                Defendants.

25-CV-0591 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated her rights. By order dated February 4, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] By order dated February 4, 2025, the court denied Plaintiff's motions for preliminary injunctive relief. (ECF 14.)

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

Plaintiff brings this action against the following Defendants: (1) South Carolina Governor Henry McMaster; (2) South Carolina Treasurer Curtis Loftis; (3) "Federal Law Judge Name Unknown"; (4) Donald Trump; (5) Melania Trump; (6) Berkeley County (South Carolina) Police Department; (7) Charleston (South Carolina) Police Department; (8) North Charleston (South Carolina) Police Department; (9) Charles County (South Carolina) Police Department; (10) Goose Creek (South Carolina) Police Department; (11) the Republican Party; (12) "Slave

Owners"; and (13) Fender Mender Collision. Plaintiff's complaint is a sprawling compilation of legal citations, and various allegations regarding the defendants and others. Attached to the 37-page complaint are an additional 31 pages of attachments, which consist largely of photographs of various MRIs and CT scans performed on Plaintiff.

Plaintiff states that she is suing Defendants "for colluding to have me horsewhipped for calling Melania Trump an inappropriate word" and

> for aiding and abetting the horsewhipping perpetrators along with attempted murder of me . . . , the pregnancies under the Equal Fetal Protection Act, intrusion upon seclusion, . . . mental abuse of a vulnerable adult . . . , intellectual property theft . . . , forced labor . . . , conspiracy to kidnap . . . , and kidnapping . . ., Conspiracy Against Rights – Not letting me plead before the election . . ., [and] Peonage[.]

(ECF 1, at 4-5.)[2] Defendants "are also in the process of violating terrorism law by endangering the communications devices I allege were put in my by DARPA that are part of the mobile browser internet[.]"[3] (*Id.* at 5.)

The following are examples of the allegations set forth in the complaint:

The state of South Carolina's agencies are collusive in keeping my money in its Department of Revenue accounts from court cases pending on my end, but run under seal on theirs and put there for after my untimely death. It is known that I insulted the former and now President-Elect Donald Trump and his wife after she insulted me with a painful comment (Moore v Trump). They will have sufficient cover to kill me in custody on whatever fake charges they intend to move on from the created exigent circumstances over the years from DARPA social engineers (Moore v DARPA). They have components in me and have been able to coerce me to do actions against my will over the span of 50 years to keep lucrative data traveling undetected (Exhibits, medical records, transceivers hidden in my bone structure).

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise noted.

[3] The Court understands DARPA to be a reference to the Defense Advanced Research Projects Agency, which is a United States government agency that is part of the Department of Defense and works to develop new technologies for the military.

(*Id.* at 7.)

After Plaintiff insulted Melania Trump,

[s]omeone had begun to make arrangements to have me horsewhipped for calling her that. Another young woman from the community, possibly Nazi made arrangements for her handmaid child to be put up me so she can sue me later as a bad surrogate. I did not agree to be a surrogate. In solidarity with this woman, Melania Trump had red Christmas trees in the foyer to let her know she would wait until after the child was out. She knew in my state [South Carolina] the racism and that I was a handmaid.

(*Id.* at 11.)

Plaintiff alleges that there is a "COM Link device embedded in [her] skull":

There is also fiber optic cable in my eyes; the Republican party has used me as labor and as spyware to block potential black Presidential hopefuls from 1991 to 1995, including former President Barack Obama. The devices and components in that has people telling me what to do, what to say, and threatening me as well as eavesdropping on others.

(*Id.* at 8.)

Plaintiff further alleges that she has a

gear train in my face . . . that has wires around my head, along with the gear train throughout my body . . . was constantly being adjusted and pulled as I was being yelled at in my COM Link device by white women and men the last 4 months I was working on this. I was fatigued, slowed down from the blood vessals in my head being tightened to where not enough blood flow reached my brain consistently.

(*Id.* at 21-22.)

There is also an "ARPANET transceiver in [Plaintiff's] abdomen" along with

wires that run up to blades in my skull . . . and pins in my skull bone and body that are sharp and hurt . . . . DARPA and ARPANET mini transceivers that are mobile. The two pins on the sides of my temple bone make a colon symbol ( : ). Thew two blades in my head if facing one way make two forward slashes ( // ). So, the Arpanet system that became the current commercialized internet by DARPA's Robert Kahn and Vinton Cerf of Google, Inc. Use me as part of the hardware infrastructure throughout my life for the United States Internet as a browser. So, these men figured out how to make $1 Trillion in data pass through my body a day without anyone knowing it.

(*Id.* at 22-23.)

Plaintiff alleges that the "devices that are used to make me a slave" were implanted in her when she was a "zygote" in her mother's womb. (*Id.* at 19.)

Plaintiff seeks money damages and a wide array of injunctive relief.

## DISCUSSION

**A.     Plaintiff's interlocutory appeal and the Court's jurisdiction**

The Court retains jurisdiction to consider and dismiss Plaintiff's complaint, notwithstanding her filing of an interlocutory appeal. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

Here, the Court denied Plaintiff's requests for preliminary injunctive relief on February 4, 2025. For an interlocutory appeal of right, a plaintiff must file a notice of appeal within 30 days after the district court's entry of the order denying the injunction. *See* 28 U.S.C. § 1292(a)(1); Fed. R. App. P. 4(a)(1)(A).[4] On April 3, 2025, Plaintiff filed a "Motion to Appeal," which the

---

[4] Rule 4(a)(1)(B)(iv) provides for a 60-day deadline to file a notice of appeal when one of the parties is "a current or former United States officer or employee sued in an individual

5

Court construed as a notice of interlocutory appeal of the Court's denial of her requests for preliminary injunctive relief. Because Plaintiff's notice of interlocutory appeal was filed more than 30 days after the Court's order denying her request for preliminary injunctive relief, her appeal is untimely. The Court therefore retains jurisdiction to consider Plaintiff's claims.

**B.     Plaintiff's claims are frivolous**

Even when the Court construes Plaintiff's pleadings with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. "Plaintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that, because Plaintiff does not provide any plausible factual support for her claims that the government implanted her with various devices, or of a conspiracy to have her "horsewhipped" and used as a "surrogate" for a "handmaid child," her claims rise to the level of the irrational and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte*

---

capacity for an act or omission occurring in connection with duties performed on the United States' behalf." Fed. R. App. P. 4(a)(1)(B)(iv). Although Plaintiff names Donald Trump as a defendant, nothing in the complaint suggests that she is suing him for acts or omissions "occurring in connection with duties performed on the United States' behalf." *Id.* The therefore finds that the 30-day deadline set forth in Rule 4(a)(1)(A) applies to this action.

dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous.[5] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court denies Plaintiff's application for the court to request *pro bono* counsel as moot (ECF 12), and her motions to change venue as moot and without merit (ECF 16, 18).

---

[5] In her application to request counsel, Plaintiff indicates that she is "mentally disabled as recorded by the S[ocial] S[ecurity] A[dministration] since 2015" and references Federal Rule of Civil Procedure 17(c). (ECF 12, at 2.) Under Rule 17(c), "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Before reaching the merits of a claim, a court must hold an inquiry into a plaintiff's competence if it "presented with evidence from . . . a relevant public agency indicating that the party had been adjudicated incompetent." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003). Even if the Court construes Plaintiff's reference to the Social Security Administration as an indication that she has been deemed incompetent, because the Court dismisses this action without prejudice as frivolous, the Court need not address whether a guardian *ad litem* needs to be appointed. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) (holding that where a plaintiff has been adjudicated incompetent at the time she brings suit, "if the court views it as clear that no substantial claim could be asserted on behalf of [her], it may dismiss the complaint, but without prejudice").

The Court also denies Plaintiff's motion to participate in electronic filing. (ECF 3.)

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: June 3, 2025
New York, New York

*Louis L. Stanton*

Louis L. Stanton
U.S.D.J.